UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ADAM MICHAEL KENDALL,

Plaintiff,

v.

GALINDO, et al.,

Defendants.

Case No. 23-cv-02709-HSG

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Plaintiff, an inmate at California Correctional Institution, has filed a *pro se* action pursuant to 42 U.S.C. § 1983, regarding events at Salinas Valley State Prison ("SVSP") where he was previously housed. His complaint (Dkt. No. 1) is now before the Court for review under 28 U.S.C. § 1915A. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order.

**DISCUSSION**

**A.  Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the

grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.* To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.      Complaint**

The complaint names as defendants the following Salinas Valley State Prison correctional officials: officer Galindo, officer Uribe, nurse Donna Kelly, and the John Does responsible for discipline of officer misconduct and safekeeping of prisoners. All are sued in their individual capacity.

Plaintiff alleges that on May 31, 2021, his due process rights were violated, he was retaliated against and subject to unlawful use of force, and he was denied medical care in the following manner.

On May 31, 2021, Plaintiff was housed in the mental health section of SVSP's administrative segregation unit ("ASU") for non-disciplinary reasons, and enrolled in the Correctional Clinic Case Management System to address his mental health issues. Physical fitness is a large part of the mental health treatment prescribed by Plaintiff's physicians. When going to yard, Plaintiff regularly brought paper and pen filler to track his workouts. Plaintiff also brought slippers to cushion his fists while he does pushups. These items are permissible to bring to yard and no correctional official had previously prohibited Plaintiff from bringing these items to yard.

On May 31, 2021, when defendants Galindo and Uribe came to escort Plaintiff to yard, they refused to allow Plaintiff to bring the paper, pen filler, and slippers. When Plaintiff explained that he regularly brought these items with him to yard as part of his mental health treatment and that other correctional officials had allowed this, defendants Galindo and Uribe immediately

2

became hostile. Defendant Galindo told Plaintiff that he did not care what others did and that he would not allow Plaintiff to bring the paper and pen filler. Plaintiff put down the items. An unidentified guard then yelled "Strip out!" and required Plaintiff to strip before going to yard though no other inmate was asked to do so. Defendant Galindo then told Plaintiff that he could not bring his slippers to the yard. Plaintiff stated that he could not do without his slippers. He asked to see a supervisor, but the request was denied. Plaintiff sat down slowly and calmly on the floor, and told the guards, "I am peaceful and I respectfully and peacefully request to speak to a superior." Plaintiff's hands were already cuffed behind his back. The guards then yanked Plaintiff's arms further back and dragged him across the floor, causing pain in Plaintiff's shoulders. Plaintiff repeated that he was not resisting and that he was peacefully and respectfully requesting to speak to a superior. The guards responded by picking up Plaintiff by the arms and slamming him face-first into the ground. The guards then dug their knees into Plaintiff's spine and continued to push Plaintiff's face into the ground until it became difficult for Plaintiff to breathe. The guards hit the alarm and other guards arrived. After the other guards arrived, the guards on top of Plaintiff finally removed their knees from Plaintiff's spine and got off his back, but not before pushing Plaintiff's face into the ground and using Plaintiff's head to help them stand up. Plaintiff was returned to his cell. Once in his cell, Plaintiff was seen by defendant Kelly. Defendant Kelly spoke to Plaintiff rudely and with an attitude. Plaintiff told defendant Kelly that he had pain in his back and face. He twice requested to be seen by a doctor and defendant Kelly denied these requests. Defendant Kelly's progress notes inaccurately report what happened. Plaintiff eventually spoke with a doctor at another facility and obtained a lower bunk chrono. Due to the assault, Plaintiff has issues with his back, including climbing up to the top bunk; and his depression and anxiety has worsened such that, from May 31, 2021 to April 20, 2023, he has not left his cell except to attend showers and canteen and required movements.

      Plaintiff alleges that defendants Galido and Uribe's physical abuse violated the Eighth Amendment and constituted assault and battery; that defendants Galido and Uribe's unclothed body search violated his First Amendment right to be free of retaliation and his Fourteenth Amendment to due process; and that defendant Kelly denied him medical care. Plaintiff seeks

3

declaratory judgment finding that Defendants violated his constitutional rights as detailed above. Plaintiff also seeks compensatory and punitive damages. *See generally* Dkt. No. 1.

**C.     Dismissal with Leave to Amend**

The Court dismisses the complaint with leave to amend for the following reasons.

The complaint's allegations that correctional officers dragged Plaintiff across the floor and slammed him face first into the floor state a cognizable claim for use of excessive force in violation of the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992) (core judicial inquiry in considering Eighth Amendment excessive force claim is whether force was applied in good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm). However, the complaint does not identify the guards that allegedly used the excessive force, referring only to "the guards." *See, e.g.,* Dkt. No. 1 at 8-9. The complaint does specify that defendants Galindo and Uribe were on Plaintiff's back, but it is unclear if they were the guards that also dragged Plaintiff across the floor and slammed him face first into the floor. The Court DISMISSES the excessive force claim with leave to amend to correct this deficiency. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (district court should grant leave to amend unless pleading could not possibly be cured by the allegation of other facts).

The complaint does not state a First Amendment retaliation claim. Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). The prisoner must show that the type of activity he was engaged in was constitutionally protected, such as exercising right of access to the courts, utilizing the prison grievance process, or threatening to sue. *Hines v. Gomez*, 108 F.3d 265, 267 (9th Cir. 1997) (retaliation claim must rest on proof that *inter alia* prisoner exercised constitutional right); *Schroeder v. McDonald*, 55 F.3d 454, 461 (9th Cir. 1995) (prisoners may not be retaliated against for exercising right of access to courts); *Rhodes*, 408 F.3d at 567 (prisoner may not be retaliated against for using established prison grievance procedures);

4

*Entler v. Gregoire*, 872 F.3d 1031, 1034, 1038-40 (9th Cir. 2017) (district court erred in finding that prisoner did not state First Amendment retaliation claim for prison's disciplinary actions against him for making threats of legal action if his grievances were not addressed). Neither requesting to speak to an officer's supervisor nor questioning an officer's directives are constitutionally protected activities. The Court DISMISSES the retaliation claim with leave to amend to correct this deficiency, if Plaintiff can truthfully do so. *See Lopez*, 203 F.3d at 1130.

The complaint also does not state a due process claim. The Due Process Clause of the Fourteenth Amendment protects individuals against governmental deprivations of "life, liberty or property," as those words have been interpreted and given meaning over the life of our republic, without due process of law. *Board of Regents v. Roth*, 408 U.S. 564, 570-71 (1972); *Mullins v. Oregon*, 57 F.3d 789, 795 (9th Cir. 1995). The alleged actions and inactions described in the complaint did not deprive Plaintiff of life, liberty, or property. The Court DISMISSES the due process claim with leave to amend to correct this deficiency, if Plaintiff can truthfully do so. *See Lopez*, 203 F.3d at 1130.

The complaint's allegation that defendant Kelly was rude to Plaintiff and refused Plaintiff's request to be seen by a doctor fails to state a Eighth Amendment claim for denial of medical care. Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *See McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled in part on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *McGuckin*, 974 F.2d at 1059 (citing *Estelle*, 429 U.S. at 104). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). In order for deliberate indifference to be established, therefore, there must be a purposeful act or failure to act on the part

5

of the defendant and resulting harm. *See McGuckin*, 974 F.2d at 1060. It is unclear how Plaintiff's pain in his back and face constituted a serious medical need, and why it was necessary for Plaintiff to be seen by a doctor instead of a nurse. The Court DIMISSES the Eighth Amendment medical needs claim with leave to amend to correct these deficiencies, if Plaintiff can truthfully do so. *See Lopez*, 203 F.3d at 1130.

## CONCLUSION

For the reasons set forth above, the Court DISMISSES the complaint with leave to amend. Within twenty-eight (28) days of the date of this order, Plaintiff shall file an amended complaint that addresses the identified deficiencies. The amended complaint must include the caption and civil case number used in this order, Case No. 23-02709 HSG (PR) and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. An amended complaint completely replaces the previous complaints. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012). Accordingly, Plaintiff must include in his amended complaint all the claims he wishes to present and all of the defendants he wishes to sue, and may not incorporate material from the prior complaint by reference.

Failure to file an amended complaint in accordance with this order in the time provided will result in dismissal of this action without further notice to Plaintiff. The Clerk shall include two copies of the court's complaint form with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

Dated:   7/6/2023

HAYWOOD S. GILLIAM, JR.
United States District Judge