UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM MICHAEL KENDALL, <br> Plaintiff, <br> v. <br> GALINDO, et al., <br> Defendants. | Case No. 23-cv-02709-HSG <br><br> **ORDER OF PARTIAL SERVICE; DISMISSING CERTAIN CLAIMS AND DEFENDANTS** <br><br> Re: Dkt. No. 8 |

Plaintiff, an inmate at California Correctional Institution in Tehachapi, California, has filed a *pro se* action pursuant to 42 U.S.C. § 1983, regarding events that occurred at Salinas Valley State Prison ("SVSP") in Soledad, California, where he was previously housed. Now before the Court for review under 28 U.S.C. § 1915A is Plaintiff's amended complaint, Dkt. No. 8.

**DISCUSSION**

**A.      Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the

grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.* To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.  Amended Complaint**

The amended complaint names as defendants officers Galindo and Uribe, nurse Donna Kelly, and various John Does responsible for officer misconduct, discipline, and prisoner safety. The amended complaint alleges that Defendants violated his federal constitutional rights and state law in connection with a May 31, 2021 incident.

Liberally construed, the amended complaint states the following cognizable claims for relief.

The amended complaint's allegation that, on May 31, 2021, while Plaintiff was handcuffed and sitting calmly on the floor, defendants Galindo and Uribe yanked him by the arms, dragged him across the floor, slammed him face first into the ground, dug their knees into his spine, forcefully pushed his face into the ground, and stepped on his head as they stood up states a cognizable claim for excessive use of force in violation of the Eighth Amendment and also states a cognizable state law claim for assault and battery against defendants Galindo and Uribe. *See Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992) (core judicial inquiry in considering Eighth Amendment excessive force claim is whether force was applied in good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm).

The amended complaint's allegations that (1) defendants Galindo and Uribe subjected Plaintiff to a strip search on May 31, 2021, without a legitimate correctional goal, and (2) inmates housed in the administrative segregation unit ("ASU") pursuant to non-disciplinary segregation

1  ("NDS") are subjected to discretionary strip searches despite having no ability to access
2  contraband state cognizable Fourth Amendment claims for invasion of bodily privacy against
3  defendants Galindo and Uribe. *See Bell v. Wolfish*, 441 U.S. 520, 561 (1979) (whether strip
4  search violated Fourth Amendment depends on whether search was rationally related to legitimate
5  nonpunitive governmental purpose and whether it appeared excessive in relation to that purpose);
6  *Michenfelder v. Sumner*, 860 F.2d 328, 332 (9th Cir. 1988) (strip searches that are excessive,
7  vindictive, harassing or unrelated to any legitimate penological interests are unreasonable within
8  meaning of Fourth Amendment); *cf. Shorter v. Baca*, 895 F.3d 1176, 1188-89 (9th Cir. 2018)
9  (holding jail officials not entitled to deference with respect to legitimate penological purpose
10  where repeated search of detainees occurred after returning from court rather than just at
11  admitting, and procedures involved leaving noncompliant female inmates shackled to cell doors
12  for hours, virtually unclothed, and without access to meals, water, or a toilet, while visible to both
13  male and female guards on patrol).

14  The amended complaint alleges that defendant Donna Kelly delayed in having Plaintiff
15  examined by a doctor and in providing Plaintiff medical care, and that her inactions constituted
16  negligence. The Court dismisses Plaintiff's state law negligence claim against defendant Donna
17  Kelly for lack of jurisdiction. The Court does not have jurisdiction over this state-law claim
18  against defendant Kelly. There are no federal claims against defendant Kelly and the Court cannot
19  exercise supplemental jurisdiction over the negligence claim against defendant Kelly because the
20  negligence claim is not so related to the claims against defendants Galindo and Uribe that it forms
21  part of the same case or controversy under Article II of the United States Constitution. *See* 28
22  U.S.C. § 1367(a).

23  The John Doe defendants are DISMISSED from this action without prejudice to Plaintiff
24  filing a second amended complaint adding these defendants once Plaintiff determines their
25  identities. The use of "John Doe" to identify a defendant is not favored in the Ninth Circuit, *see*
26  *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980), in part because it is effectively impossible
27  for the United States Marshal to serve an anonymous defendant. The Court's general practice is to
28  dismiss Doe defendants without prejudice and, if the plaintiff is able to identify the unknown

1  defendant through discovery, allow the plaintiff leave to amend the complaint to name the
2  intended defendant. *See Gillespie*, 629 F.2d at 642.  Furthermore, the Court notes that the
3  amended complaint's allegations that the John Doe defendants failed to discipline defendants
4  Galindo and Uribe for prior misconduct fails to state an Eighth Amendment claim to deliberate
5  indifference to Plaintiff's safety.  The Eighth Amendment requires that prison officials take
6  reasonable measures to guarantee the safety of prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832
7  (1994).  The failure of prison officials to protect inmates from dangerous conditions at the prison
8  violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is,
9  objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent
10 to inmate health or safety. *Farmer*, 511 U.S. at 834.  To state a state a failure-to-protect claim, the
11 allegations in the *pro se* complaint must be sufficient to raise an inference that the named prison
12 officials knew that plaintiff faced a substantial risk of serious harm and disregarded that risk by
13 failing to take reasonable measures to abate it. *See Hearns v. Terhune*, 413 F.3d 1036, 1041-42
14 (9th Cir. 2005) (citing *Farmer*, 511 U.S. at 847).  The amended complaint's conclusory allegation
15 that the John Doe defendants knew of prior misconduct by defendants Galindo and Uribe does not
16 raise an inference that these defendants knew that Plaintiff faced a substantial risk of serious harm.
17 It is unclear how the alleged prior conduct by defendants Galindo and Uribe put the John Doe
18 defendants on notice that defendants Galindo and Uribe would use excessive force on Plaintiff or
19 subject Plaintiff to an unconstitutional strip search.

## CONCLUSION

For the reasons set forth above, the Court orders as follows.

1. The following defendant(s) shall be served: Salinas Valley State Prison officers Galindo and Uribe.

2. Service on the listed defendant(s) shall proceed under the California Department of Corrections and Rehabilitation's ("CDCR") e-service program for civil rights cases from prisoners in the CDCR's custody.  In accordance with the program, the Clerk is directed to serve on the CDCR via email the following documents: the operative complaint (Dkt. No. 8), this order of service, a CDCR Report of E-Service Waiver form and a summons.  The Clerk also shall serve a

1  copy of this order on the Plaintiff.

2  No later than 40 days after service of this order via email on the CDCR, the CDCR shall
3  provide the court a completed CDCR Report of E-Service Waiver advising the court which
4  defendant(s) listed in this order will be waiving service of process without the need for service by
5  the United States Marshal Service ("USMS") and which defendant(s) decline to waive service or
6  could not be reached.  The CDCR also shall provide a copy of the CDCR Report of E-Service
7  Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court
8  a waiver of service of process for the defendant(s) who are waiving service.

9  Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each
10 defendant who has not waived service according to the CDCR Report of E-Service Waiver a
11 USM-205 Form.  The Clerk shall provide to the USMS the completed USM-205 forms and copies
12 of this order, the summons, and the operative complaint for service upon each defendant who has
13 not waived service.  The Clerk also shall provide to the USMS a copy of the CDCR Report of E-
14 Service Waiver.

15 3. As detailed above, the amended complaint states the following cognizable claims
16 against defendant Galindo and Uribe: an Eighth Amendment excessive force claim, a Fourth
17 Amendment claim for invasion of bodily privacy, and a state-law battery and assault claim.

18 4. The Court DISMISSES the state law claim against defendant Kelly for lack of
19 jurisdiction, and DISMISSES defendant Kelly from this action.  The Court DISMISSES the John
20 Doe defendants from this action without prejudice to Plaintiff filing a second amended complaint
21 adding these defendants once Plaintiff determines their identities.

22 5. In order to expedite the resolution of this case, the Court orders as follows:

23 a. No later than 91 days from the date this order is filed, Defendant(s) must
24 file and serve a motion for summary judgment or other dispositive motion.  If Defendant(s) is(are)
25 of the opinion that this case cannot be resolved by summary judgment, Defendants must so inform
26 the Court prior to the date the motion is due.  A motion for summary judgment also must be
27 accompanied by a *Rand* notice so that Plaintiff will have fair, timely, and adequate notice of what
28 is required of him in order to oppose the motion.  *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir.

2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment).[1]

        b.      Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendant(s) no later than 28 days from the date the motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment. Defendant(s) shall file a reply brief no later than 14 days after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

      6.      Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998) (en banc) (App. A). (The *Rand* notice above does not excuse Defendants' obligation to serve said notice again concurrently with a motion for

---

[1] If Defendant(s) assert(s) that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendant(s) must raise such argument in a motion for summary judgment, pursuant to the Ninth Circuit's opinion in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, should be raised by a defendant as an unenumerated Rule 12(b) motion).

summary judgment.  *Woods*, 684 F.3d at 939).

7. All communications by Plaintiff with the Court must be served on Defendants' counsel by mailing a true copy of the document to Defendants' counsel.  The Court may disregard any document which a party files but fails to send a copy of to his opponent.  Until Defendants' counsel has been designated, Plaintiff may mail a true copy of the document directly to Defendants but once Defendants are represented by counsel, all documents must be mailed to counsel rather than directly to Defendants.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

9. Plaintiff is responsible for prosecuting this case.  Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

10. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.  Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED.**

Dated:  9/27/2023

*Haywood S. Gilliam Jr.*
HAYWOOD S. GILLIAM, JR.
United States District Judge