UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM MICHAEL KENDALL, <br> Plaintiff, <br> v. <br> GALINDO, et al., <br> Defendants. | Case No. 23-cv-02709-HSG <br><br> **ORDER GRANTING REQUEST FOR SUBPOENA DUCES TECUM FORMS, DENYING REQUEST FOR EXTENSION OF TIME TO CONDUCT DISCOVERY; DIRECTIONS TO CLERK** <br><br> Re: Dkt. Nos. 13, 14 |

Plaintiff, an inmate at California Correctional Institution in Tehachapi, California, has filed a *pro se* action pursuant to 42 U.S.C. § 1983 regarding events that occurred at Salinas Valley State Prison ("SVSP") in Soledad, California, where he was previously housed. This order addresses Plaintiff's request for a subpoena, Dkt. No. 13, and Plaintiff's request for an extension of time to complete discovery, Dkt. No. 14.

**DISCUSSION**

**I.     Procedural Background**

The operative complaint is the amended complaint docketed at Dkt. No. 8. On September 27, 2023, the Court screened the amended complaint and found that its allegations that SVSP officers Galindo and Uribe used excessive force on Plaintiff on May 31, 2021, and also subjected him to a strip search on that date without a legitimate correctional goal, stated a cognizable Eighth Amendment excessive force claim, a cognizable Fourth Amendment claim for invasion of bodily privacy, and cognizable state-law claims for battery and assault. Dkt. No. 8. In Dkt. No. 8, the Court ordered service on Defendants; set a December 27, 2023 dispositive motion deadline for Defendants; and informed the parties that discovery could commence in accordance with the

1   Federal Rules of Civil Procedure and that no court order was needed to proceed with discovery.
2   Dkt. No. 8 at 5-7.  Defendants recently appeared in this action on November 27, 2023.  Dkt. No.
3   12.

## II.     Request for Subpoena Duces Tecum (Dkt. No. 13)

Plaintiff has filed a pleading titled "Plaintiff's motion for subpoena duces tecum under Rule 45," requesting that the Court order non-party the California Department of Corrections and Rehabilitations ("CDCR") to produce certain documents, and lists thirty-one categories of items sought.  Dkt. No. 13.  The Court construes this request as a request for blank subpoena forms.  Plaintiff's request for blank subpoena forms is GRANTED.  The Clerk of the Court is directed to send Plaintiff two (2) subpoena duces tecum forms.  If Plaintiff choose to use these forms, Plaintiff should fill out the subpoena duces tecum forms and return them to the court so that the Clerk may issue the subpoena and the United States Marshal may serve it on the subpoenaed party.  Plaintiff needs to fill in all of the necessary information but must leave the signature line blank so that the clerk may sign it.  This is because as a *pro se* litigant, Plaintiff needs the Court's Clerk to issue a subpoena.  Fed. R. Civ. P. 45(a)(3).

The Court cautions Plaintiff that the court's authorization of a *subpoena duces tecum* requested by an *in forma pauperis* plaintiff is subject to limitations.  Because personal service of a subpoena duces tecum is required, Fed. R. Civ. P. 45(b), "[d]irecting the Marshal's Office to expend its resources personally serving a subpoena is not taken lightly by the court," *Austin v. Winett*, C No. 1:04-cv-05104-DLB PC, 2008 WL 5213414, at *1 (E.D. Cal. Dec. 12, 2008); 28 U.S.C. § 1915(d).  Limitations include the relevance of the information sought as well as the burden and expense to the non-party in providing the requested information.  *See* Fed. R. Civ. P. 26, 45.  A motion for issuance of a subpoena duces tecum should be supported by clear identification of the documents sought and a showing that the records are obtainable only through the identified third party. *See, e.g., Davis v. Ramen*, C No. 1:06-cv-01216-AWI-SKO PC, 2010 WL 1948560, at *1 (E.D. Cal. May 11, 2010); *Williams v. Adams*, C No. 1:05-cv-00124-AWI-SMS PC, 2010 WL 148703, *1 (E.D. Cal. Jan. 14, 2010). The "Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in

2

order to comply with a subpoena duces tecum." *Badman v. Stark*, 139 F.R.D. 601, 605 (M.D. Pa. 1991); *see also United States v. Columbia Broadcasting System, Inc.*, 666 F.2d 364, 368-69 (9th Cir. 1982) (court may award costs of compliance with subpoena to non-party). Non-parties are "entitled to have the benefit of this Court's vigilance" in considering these factors. *Badman*, 139 F.R.D. at 605.

The Court would be unlikely to issue a subpoena duces tecum seeking all the categories listed in Dkt. No. 13 for the following reasons. First, many of the categories are for documents which can be obtained from parties to the action, such as the personnel files for defendants Uribe and Galindo; medical examination reports for defendants Uribe and Galindo arising out of the May 31, 2021 incident; and Uribe and Galindo's emails from May 31, 2021 to September 24, 2021. Second, a subpoena commands the production of "documents, electronically stored information, or tangible things . . . ." Fed. R. Civ. P. 45(a)(1)(C). Three of the categories listed in Dkt. No. 13 are for information, such as names and contact information, which are not "tangible things" within the meaning of Rule 45.

At the time Plaintiff prepared his request for a subpoena, Defendants had not yet appeared in this action. Now that Defendants have appeared, Plaintiff should seek discovery from Defendants to the extent possible. Plaintiff is reminded that the Federal Rules of Civil Procedure prohibit parties from filing discovery requests and responses with the Court until they are used in the proceeding or the Court orders it. *See* Fed. R. Civ. P. 5(d)(1) (listing discovery requests and responses that "must not" be filed with the court until they are used in the proceeding or the court orders otherwise). Discovery requests and responses normally are exchanged between the parties without any copy being sent to the court. Plaintiff should refrain from filing his discovery requests or responses with the Court unless directed to do so or unless they are needed to support or oppose a motion. Filing unsolicited copies of discovery requests and responses with the Court only serves to clutter the record.

Plaintiff is free to pursue non-party discovery, but should keep in mind the limitations on non-party discovery explained above.

//

### III. Motion for Extension of Time to Complete Discovery (Dkt. No. 14)

Plaintiff has requested an extension of time to complete discovery. Dkt. No. 14. This request is DENIED as moot as there is no deadline for the close of discovery. The only pending deadline in this case was the December 27, 2023 dispositive motion deadline that has now been extended. If Plaintiff believes that he cannot properly oppose a dispositive motion by the new deadline because he will not have obtained the necessary discovery by the time his opposition to the dispositive motion would be due, Plaintiff can request that his opposition deadline be extended.

### CONCLUSION

For the reasons set forth above, the Court orders as follows.

1. The Court construes Dkt. No. 13 as a request for blank subpoena forms and GRANTS the request. The Clerk of the Court is directed to send Plaintiff two (2) document subpoena duces tecum forms. If Plaintiff choose to use these forms, Plaintiff should fill out the subpoena duces tecum forms and return them to the court so that the Clerk may issue the subpoena and the United States Marshal may serve it on the subpoenaed party. Plaintiff needs to fill in all of the necessary information but must leave the signature line blank so that the Clerk may sign it. Plaintiff is cautioned that the Court will not order the United States Marshal to serve a subpoena seeking records that may be obtained from Defendants or place an undue burden upon a non-party.

2. The Court DENIES as moot Plaintiff's request for an extension of time to complete discovery. Dkt. No. 14.

This order terminates Dkt. Nos. 13 and 14.

**IT IS SO ORDERED.**

Dated: 12/27/2023

HAYWOOD S. GILLIAM, JR.
United States District Judge

4